UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| ERIC JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>NEW YORK STATE DEPARTMENT OF<br>CORRECTION AND COMMUNITY<br>SUPERVISION,<br><br>        Defendant. | No. 15-CV-6431 (KMK)<br><br>ORDER ADOPTING<br>REPORT & RECOMMENDATION |

KENNETH M. KARAS, United States District Judge:

Plaintiff Eric Johnson ("Plaintiff") brought suit against Defendant New York State Department of Correction and Community Supervision ("Defendant"), alleging racial discrimination in violation of Tile VII. (Dkt. No. 1.) On October 5, 2018, the Court approved the parties' Stipulation of Settlement and General Release ("the Settlement"). (Dkt. No. 101.)

On June 9, 2019, Plaintiff notified the Court of Defendant's alleged violation of the Settlement. (Dkt. No. 103.) On June 21, Defendant responded to Plaintiff's allegation, disputing Plaintiff's interpretation of the Settlement and claiming to be in full compliance. (Dkt No. 15.) On September 13, 2019, Magistrate Judge Lisa M. Smith held an evidentiary hearing to resolve the dispute. (*See* Dkt. (minute entry for Sept. 13, 2019).) On October 24, 2019, Magistrate Judge Smith issued her Report and Recommendation ("R&R"), concluding that the Settlement should "enforced as written" and that "Johnson should be reinstated to the next available sergeant's position at a DOCCS facility (other than Green Haven) not more than 56 miles from his home, as provided in paragraph 3(a) of the Settlement Agreement, without regard to DOCCS's reassignment policy or to any existing reassignment or promotion lists." (Dkt. No. 122 at 18) (quotation marks omitted).

As Magistrate Judge Smith reminded the parties, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties had 17 days in which to file written objections to the Report and Recommendation. (*Id.* at 19.) The 17-day deadline has now passed, and no objections to the R&R have been filed.

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008). The Court has reviewed the R&R, and finding no substantive error, clear or otherwise, adopts the R&R.

Accordingly, it is hereby

ORDERED that the Report and Recommendation, dated October 24, 2019, is ADOPTED in its entirety.

ORDERED that Defendant must reinstate Plaintiff to the next available sergeant's position at a DOCCS facility (other than Green Haven) not more than 56 miles from his home,' as provided in paragraph 3(a) of the Settlement Agreement, without regard to DOCCS's reassignment policy or to any existing reassignment or promotion lists.

SO ORDERED.

Dated: November 18, 2019
       White Plains, New York

KENNETH M. KARAS
United States District Judge